|   |   |   |
|---|---|---|
| 1 |   | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| PERFECT COMPANY, | CASE NO. C14-5976RBL |
|---|---|
| Plaintiff, | ORDER |
| v. |   |
| ADAPTICS LIMITED, |   |
| Defendant. |   |

THIS MATTER is before the Court on the Following Motions: Defendant Adaptics' Motion to Dismiss [Dkt. #110]; Adaptics' Motion to Compel Rule 120 Disclosures [Dkt. #114]; and Adaptics' (second) Motion to Compel [Dkt. #s 150 and 152 (sealed version)]. Adaptics' Motion to Seal its second Motion to Compel [**Dkt. #148**] is **GRANTED**.

Adaptics seeks dismissal of Perfect Co.'s patent infringement claims against it under Fed. R. Civ. P. 12(c) and 35 U.S.C. § 101, claiming that the '365 patent is invalid because asserts only un-patentable, non-inventive "abstractions." *Citing Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

Perfect Co. denies that its patent claims only abstractions, and emphasizes that Adaptics asked the USPTO to re-examine the '365 patent less than a year ago, and the patent's validity

was confirmed (indeed, some additional claims were allowed). It also points to Adaptics' heavy "clear and convincing evidence" burden of proof for invalidity.

Adaptics has not met this standard. The Motion to Dismiss based on patent invalidity is **DENIED**.

Adaptics' first Motion to Compel seeks additional Rule 120 disclosures. Adaptics claims Perfect has refused or at least failed to provide required information about its contentions and its efforts to monetize its invention. It specifically asks Perfect Co. to describe the "real time filling feature," and seeks an "element by element" mapping of each claim element to each of Perfect Co.'s products. It also claims that Perfect Co.'s responses to other discovery is insufficient.

Perfect Co. claims that the former request properly awaits the (now-completed) claims construction process, and that the latter is not relevant, and is out of proportion to the needs of the case. It also points out that such mapping was done in re-examination. It also argues that Adaptics' claim that Perfect Co.'s infringement contentions were not sufficient comes 17 months into the case. Finally, and most contentiously, Perfect Co. argues that it needs access to Adaptics' source code before it can supplement or amend its Rule 120 Contentions, and blames Adaptics' counsel for the delay in doing so.

Adaptics claims Perfect Co.'s attorney improperly seeks to share that code with outside counsel, and that the delay is Perfect Co.'s fault.

The Court is not inclined to get to the bottom of this secondary discovery dispute, and it is not necessary to do so to resolve the motion. If it has not yet done so, Adaptics will provide its source code in a manner that is useable to Perfect Co. Perfect Co. shall inspect Adaptics' source code in a manner consistent with the Stipulated Protective Order, and shall then amend its Rule

120 Contentions. This process should be completed within 30 days. To this extent, Adaptics' first Motion to Compel is GRANTED. Adaptics Motion to compel contentions regarding "real time" and an element by element mapping is DENIED.

Adaptics also seeks Perfect Co.'s licensing information. Perfect Co. claims (and has demonstrated) that the information is sensitive and subject to the Protective Order and an "attorneys' eyes only designation." The material will be produced AEO, as Mr. Rylander describes his offer in Perfect Co.'s Response. [Dkt. # 126 at 9-10]. Adaptics Motion to compel such licensing information is, to this limited extent, GRANTED.

Perfect Co.'s Motion to "Strike, Seal, and Admonish" (in its Response) is DENIED without prejudice to renew, if the allegedly "cavalier" treatment of confidential information continues.

Adaptics second Motion to Compel seeks a whole new list of documents and information. Perfect Co. argues that most of the information has been produced and that which has not is not discoverable or relevant. Adaptics specifically seeks information that "corroborates" Perfect Co.'s claims. Perfect Co. argues (and demonstrates) that because the date of its invention is not at issue, corroboration evidence is not relevant. The Motion to produce such corroboration evidence is DENIED. The Motion to produce documents and other evidence related to inventor contributions and intervening prior art is DENIED.

The Motion to compel market studies supporting Perfect Co.'s claims (on re-examination) that it has 7000 outlets and Adaptics has less than 400 is DENIED. Similarly DENIED is the request for additional production of documents relating to Brookstone's marketing of Perfect Co.'s products. If and to the extent Perfect Co. has not yet produced

documents responsive to RFPs 21 and 22 (financials), it shall do so within ten days. The Motion to Compel is to that extent GRANTED.

Prefect Co.'s Motion to Strike Improper Public Filing of Confidential Information (contained in its Response, Dkt. #171) is DENIED, without prejudice to raise it if continued improper disclosures require another motion. In that event, fees costs and other corrective measures will be considered.

***

Adaptics' Motion to Dismiss [Dkt. #110] is DENIED. Adaptics' first Motion to Compel [Dkt. #114] is GRANTED in part and DENIED in part. Adaptics' second Motion to Compel [Dkt. #150/152] is GRANTED in part and DENIED in part, as described above. The Court will not award attorneys' fees.

IT IS SO ORDERED.

Dated this 6th day of November, 2017.

_____
Ronald B. Leighton
United States District Judge