HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PERFECT COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>ADAPTICS LIMITED,<br><br>        Defendant. | CASE NO. C14-5976 RBL<br><br>ORDER |

THIS MATTER is before the Court on the following Motions: Defendant Adaptics' Motion for Leave to Amend Contentions under Local Patent Rule 124 [Dkt. # 324]; Adaptics' Motion for Leave to Take Additional Depositions [Dkt. # 357]; and Perfect Co.'s Motion to Quash subpoenas that Adaptic's served on its attorneys, seeking to depose them about their prosecution of the patents at issue [Dkt. # 327].

The Motions are related: Adaptics new counsel claims to have discovered that Perfect Co.'s interpretation of the term "real time" in its patents has not been consistent. Adaptics also claims to have discovered prior art (that Perfect Co.'s counsel did not disclose during prosecution) supporting its claim of invalidity, and additional evidence of its non-infringement. It

claims it has shown good cause for amending its contentions (for a fourth time) and that Perfect Co. will not be prejudiced if it does so.

Adaptics also seeks to bolster its new defenses with testimony from Perfect Co.'s current counsel, who also prosecuted the patents at issue. Adaptics seeks leave to take those depositions and 15 others despite the parties' prior agreement to permit only ten per side.

Perfect Co. opposes the Motion to Amend contentions, arguing that it did not change its position on "real time," and that Adaptics has not been diligent in finding and bringing to the Court's attention new references (all of which it claims are easily discoverable, and some of which it specifically disclosed to Adaptics, or which Adaptics knew about years ago). It argues that the prior art is not analogous in any event, and argues persuasively that this case is four years old and on the cusp of trial. It claims it is too late for a dramatic change in the theory of the case and the additional discovery required to support it. Perfect Co. argues that it will be prejudiced by such changes at this hour—the contentions are to be made before claims construction, which occurred long ago.

Perfect Co. argues for similar reasons that Adaptics should not be permitted to depose its prosecution (and trial) counsel. It argues that Adaptics has not and cannot meet the heavy burden imposed by the three part *Shelton* test for such discovery:

> The three-part test set out in *Shelton* places the burden on the party seeking the deposition to show that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case.

*Citing DiLorenzo v. Costco Wholesale Corp.*, 243, F.R.D. 413, 414-15 (W.D. Wash. 2007) citing *Shelton v. Am. Motors Corp.*, 805 F.2d 132, 1327 (8th Cir. 1986). And Perfect Co. argues that any narrow, legitimate inquiry could be had through other means, though Adaptics correctly points out that as non-parties Perfect co.'s attorneys are no subject to written discovery. The

corrective for that, though, seems to order that they answer the limited questions in writing, not to subject them to a deposition when they will be trial counsel. Furthermore, Perfect Co. correctly points out that Adaptics has not pled any invalidity claim based on some sort of malfeasance or inequitable conduct. Discovery into such claims is not relevant.

Adaptics' Motion to Amend Contentions is DENIED. Perfect Co.'s Motion to Quash the subpoenas to Perfect Co.'s prosecution counsel is GRANTED.

Adaptics Motion for additional depositions is DENIED as to these depositions. However, at least some of the remaining depositions (Wallace, third parties, and the experts) appear to be reasonable and non-prejudicial, whether or not they exceed the ten deposition limit. The Court will permit Adaptics to take 8 such additional depositions (not of the attorneys) including the experts who provide reports. The parties should work together to schedule and participate in these depositions in a reasonably and accommodating manner. The Motion for Leave to take Additional Depositions is, to this extent, GRANTED.

IT IS SO ORDERED.

Dated this 1st day of April, 2019.

Ronald B. Leighton
United States District Judge